UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA CONSTANTINE,

                Plaintiff,

vs.                              Case No.   2:05-cv-575-FtM-29DNF

MIKE SCOTT, LISA BURCH, CHARLES FARRENTE, SCOTT BROCK AND MICHAEL WAITE,

                Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion for Injunctive Relief(Doc. #4) filed December 13, 2005. Plaintiff did not serve a copy of the Motion on Defendants. Consequently, the Court construes Plaintiff's Motion as a Motion for Temporary Restraining Order and a Preliminary Injunction.

Plaintiff, currently incarcerated at Lee County Jail proceeding *pro se,* filed a civil rights complaint pursuant to 42 U.S.C. §1983 (Doc. #1). Plaintiff, in the Motion *sub judice,* seeks an Order "limiting and restricting defendants from having or exercising, influencing or control over the legal requests, documents, paperwork . . . concerning [Plaintiff's] civil rights complaint." Motion, page 1. It appears from the documents attached to Plaintiff's Motion that Plaintiff experienced difficulty obtaining a copy of Plaintiff's prisoner account and having Plaintiff's Prisoner's Consent form notarized by prison officials. The Court notes that Plaintiff did file her Prisoner

Consent Form and a financial accounting on December 13, 2005 (Doc. #6).

Under Fed. R. Civ. P. 65(b), a temporary restraining order may be granted without notice only if (1) "it clearly appears from specific facts...that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party...can be heard in opposition," and (2) the applicant "certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."  Further, under Local Rule 4.05, "[s]uch orders will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction."[1]

Upon review of the Motion pending before this Court, the Court does not find that Plaintiff has demonstrated a threat of an immediate and irreparable injury or loss.  The Motion will therefore be denied.

ACCORDINGLY, it is now **ORDERED** that Plaintiff's Motion For for Injunctive Relief(Doc. #4),  construed by the Court as a Motion

---

[1] Under Local Rule 4.05(b)(4), "The brief or legal memorandum submitted in support of the motion must address the following issues:  (i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury and the reason that notice cannot be given; (iii) the potential harm that might be caused to the opposing parties or others if the order is issued; and (iv) the public interest, if any."

for Temporary Restraining Order and a Preliminary Injunction is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this __15th__ day of December, 2005.

_____
JOHN E. STEELE
United States District Judge

SA:   hmk
Copies: All Parties of Record